```
Case 1:19-cv-09864-VEC   Document 29   Filed 06/03/22   Page 1 of 2
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
HIMELDA MENDEZ AND ON BEHALF OF       :
ALL OTHER PERSONS SIMILARLY           :
SITUATED,                             :
                                      :
                       Plaintiff,     :       19-CV-9864 (VEC)
                                      :
            -against-                 :       ORDER
                                      :
                                      :
VICTORIA'S SECRET STORES LLC,         :
                                      :
                       Defendant.     :
-------------------------------------------------------------- X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 6/3/22 |

VALERIE CAPRONI, United States District Judge:

      WHEREAS on October 24, 2019, Plaintiff sued Defendant Victoria's Secret Stores LLC, alleging that its failure to sell store gift cards to consumers that contain writing in Braille violates Plaintiff's rights under the Americans with Disability Act ("ADA") and New York state law, *see* Compl., Dkt. 1;

      WHEREAS on February 25, 2020, Plaintiff filed an amended complaint, *see* Am. Compl., Dkt. 13;

      WHEREAS on March 6, 2020, Defendant filed a motion to dismiss the amended complaint, *see* Not. of Mot., Dkt. 14;

      WHEREAS the motion to dismiss is fully briefed;

      WHEREAS on July 21, 2020, the Court stayed this case pending the Second Circuit's resolution of a consolidated appeal of orders granting motions to dismiss in similar matters, *see* Dkt. 27;

WHEREAS on June 2, 2022, the Second Circuit decided *Calcano v. Swarovski et al.*, 20-1552, holding that "Plaintiffs' conclusory, boilerplate allegations fail to establish standing," *see* Opinion, 20-1552 at 4 (2d Cir. June 2, 2020); and

WHEREAS the allegations in the Amended Complaint in this action likely fail to establish standing, as they are just as, if not more, conclusory as the allegations in the complaints at issue in the Second Circuit's *Calcano* opinion;

IT IS HEREBY ORDERED that Plaintiff may file a Seconded Amended Complaint ("SAC") by no later than five days after the mandate is issued in *Calcano v. Swarovski et al.*, 20-1552.  If Plaintiff amends her complaint by the deadline, Defendant must answer, move, or otherwise respond to the amended complaint by no later than 21 days after the SAC is filed.  If Plaintiff does not file a SAC by that date, the Court will decide the pending motion to dismiss.

**SO ORDERED.**

**Date:  June 3, 2022**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**