UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

HIMELDA MENDEZ AND ON BEHALF OF     :
ALL OTHER PERSONS SIMILARLY         :
SITUATED,                           :
                                    :
                        Plaintiff,  :
                                    :
            -against-               :
                                    :
                                    :
VICTORIA'S SECRET STORES LLC,       :
                                    :
                        Defendant.  :
-------------------------------------------------------------X

┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:_____      │
│ DATE FILED:____7/19/22____   │
└─────────────────────────────┘

19-CV-9864 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff Himelda Mendez, who is legally blind, sued Defendant Victoria's Secret Stores, LLC ("Victoria's Secret") on October 24, 2019, for violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. Her claim was that Defendant's gift cards are not accessible to blind or visually-impaired individuals because they do not include information written in braille. *See generally* Compl., Dkt. 1. On February 25, 2020, Mendez filed an Amended Complaint, *see generally* Am. Compl., Dkt. 13, which Defendant then moved to dismiss, *see* Not. of Mot., Dkt. 14. After the motion was fully briefed, the Court stayed this case pending the Second Circuit's resolution of a consolidated appeal of orders granting motions to dismiss in similar cases. *See* Order, Dkt. 27. On June 2, 2022, the Second Circuit decided those consolidated appeals in *Calcano v. Swarovski N. Am. Ltd.*, holding that "Plaintiffs' conclusory, boilerplate allegations fail to establish standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 71 (2d Cir. 2022). This Court ordered Plaintiff to file a Second Amended Complaint ("SAC") no later than five days after the mandate in that case was issued, or the Court would decide the pending motion to dismiss. *See* Order, Dkt. 29. Because Plaintiff has not filed an SAC, the

Court turns to the pending motion to dismiss.  For the reasons that follow, Defendant's motion is GRANTED.

In *Calcano*, the Second Circuit upheld Judge Woods' decision dismissing ADA claims for lack of standing.  *Calcano*, 36 F.4th at 71.  The complaints in the consolidated cases alleged "that Plaintiffs live near Defendants' stores, have been customers in the past, and intend to purchase gift cards when they become available in the future."  *Id.*  They did not properly allege, however, how Plaintiffs were injured by the unavailability of braille gift cards or facts that would give rise to a plausible inference that Plaintiffs intended to return to the stores.  *Id.*

Because standing is a jurisdictional requirement, the Court's analysis of Plaintiff's Amended Complaint begins and ends there.  Defendant argues that Mendez has failed to establish standing to sue under the ADA.  Def. Mem., Dkt. 15 at 17–22.  For the same reasons as those described by the Second Circuit, this Court agrees.

A claim must be dismissed for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when a plaintiff lacks standing to bring the action under Article III of the U.S. Constitution.  *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015).  A plaintiff bringing a claim pursuant to the ADA has standing to sue for injunctive relief, as is sought here, *see* Am. Compl. at 24, if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).  A plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong.  *Calcano*, 36 F.4th at 75 (citation omitted).

2

Like the complaints underlying the consolidated appeal before the Second Circuit in *Calcano*, Plaintiff's allegations are too conclusory to establish standing. The Amended Complaint alleges that "Plaintiff has been a customer at Defendant's stores on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's retail store," Am. Compl. ¶ 21, and that "Plaintiff intends to immediately go purchase an accessible store gift card issued by the Defendant, with suitable auxiliary aids and services for effective communication, as soon as they become available to be used independently, as sighted individuals do," *id.* ¶ 45. Plaintiff also alleges that she "resides within close proximity to at least one of Defendant's physical locations." *Id.* ¶ 25. This language is identical to the language in the complaints underlying the Second Circuit's decision in *Calcano*, 36 F.4th at 75–76 (citations omitted). As the Second Circuit found, these allegations lack the specificity required to establish standing. *Id.* The Court agrees with Defendant that Plaintiff has failed to allege plausibly an intention to return to any Victoria's Secret store, Def. Mem. at 20; because the language in the Amended Complaint is identical to that in the complaints the Second Circuit deemed insufficient to establish standing in *Calcano*, this Court finds that Plaintiff lacks standing to bring an ADA claim.

Because the Court is dismissing Plaintiff's ADA claim for lack of standing, it declines to exercise supplemental jurisdiction over the state and municipal law claims included in Plaintiff's Amended Complaint. 28 U.S.C. § 1367(c)(3).

For those reasons, Plaintiff's Amended Complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to amend the case caption to delete the language "on behalf of all others similarly situated" after the individual Plaintiff's name, as this dismissal is operative

only as between individual Plaintiff Himelda Mendez and Defendant Victoria's Secret Stores

LLC.  The Clerk of Court is also respectfully directed to terminate any open motions and close

the case.


**SO ORDERED.**

**Date:  July 19, 2022**
    **New York, NY**

                                             **VALERIE CAPRONI**
                               **United States District Judge**